dent's experts to none. We find functional depreciation in the amount of 50% of the construction cost of the property. The value of the property is 25% of the cost, representing actual use, and an additional 25% of the cost, representing value assigned to potential growth, resulting in a market value of 50% of the construction cost. This value shall be applied to the tax years of 1969, 1970 and 1971 as provided by the stipulation of the parties. (Appeal from judgment of Oswego Trial Term in certiorari proceeding.) Present — Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.

■ In the Matter of the ONONDAGA COUNTY WATER DISTRICT et al., Appellants, v. BOARD OF ASSESSORS OF THE TOWN OF OSWEGO, Respondent. (Appeal No. 2.) — Same decision and memorandum as in *Matter of Onondaga County Water Dist.* v. *Board of Assessors of Town of Volney* (47 A D 2d 707). (Appeal from judgment of Oswego Trial Term in certiorari proceeding.) Present — Marsh, Cardamone, Simons, Goldman and Del Vecchio, JJ.

■ In the Matter of the ONONDAGA COUNTY WATER DISTRICT et al., Appellants, v. BOARD OF ASSESSORS OF THE TOWN OF MINETTO, Respondent. (Appeal No. 3.) — Same decision and memorandum as in *Matter of Onondaga County Water Dist.* v. *Board of Assessors of Town of Volney* (47 A D 2d 707). (Appeal from judgment of Oswego Trial Term in certiorari proceeding.) Present — Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.

■ In the Matter of the ONONDAGA COUNTY WATER DISTRICT et al., Appellants, v. BOARD OF ASSESSORS OF TOWN OF SCHROEPPEL, Respondent. (Appeal No. 4.) — Same decision and memorandum as in *Matter of Onondaga County Water Dist.* v. *Board of Assessors of Town of Volney* (47 A D 2d 707). (Appeal from judgment of Oswego Trial Term in certiorari proceeding.) Present — Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL S. MORTIMER, Appellant. — Motion granted and order of December 12, 1974 amended by striking the words " and facts ". Present — Moule, J. P., Simons, Mahoney, Goldman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL SETH LEHRER, Appellant. — Motion granted and appeal dismissed (see *People* v. *Howe*, 32 N Y 2d 766).

## (February 28, 1975)

■ LARRY S. LARSEN et al., Doing Business as L & M CYCLE SPECIALISTS, Appellants, v. SEARS ROEBUCK & COMPANY, Respondent. — Order unanimously affirmed, with costs. Memorandum: Special Term correctly denied the motion insofar as plaintiffs sought to discover material prepared by defendant in defense of litigation. Plaintiffs, of course, may examine defendant before trial to ascertain what tests defendant performed on the fire extinguisher, whether the extinguisher was altered in any way in the course thereof, and, if so, in what manner. If it then appears that the condition of the extinguisher at the time plaintiffs delivered it to defendant after the fire cannot be duplicated, plaintiffs may reapply for discovery, in accordance with the determination at Special Term. (Appeal from part of order of Chautauqua Special Term directing defendant to furnish technical information.) Present. — Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ.

■ VIRGINIA ELSON, Respondent, v. FRANK L. DELANEY, Appellant. — Order unanimously reversed, without costs, and motion denied. Memorandum: On July 25, 1968 plaintiff suffered personal injuries to her back and neck when an automobile owned and driven by defendant in which she was a passenger